UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

JOHN REHN,                                          10 Civ. 5161 (FB)(LB)

               Plaintiff,

     -against-

THE CITY OF NEW YORK,                               **STIPULATION OF SETTLEMENT,**
et al.,                                             **GENERAL RELEASE and ORDER**
                                                     **OF DISMISSAL.**

               Defendants.

----------------------------------------------------X

STIPULATION OF SETTLEMENT, GENERAL RELEASE & ORDER OF DISMISSAL ("the Agreement") made by and between John Rehn ("Plaintiff") and Defendants the State of New York and the New York State Office of Court Administration (the "State Defendants"), through their counsel, made as of ~~December~~ February 6, 2012.

WHEREAS, Plaintiff commenced this action by filing a complaint in the United States District Court for the Southern District of New York, on or about November 8, 2010, and then filed an amended complaint on or about March 7, 2011, alleging, <u>inter alia</u>, claims pursuant to the Americans With Disabilities Act and the Rehabilitation Act against the State Defendants and others in the above-captioned action ("the Action"); and

WHEREAS, in their Answer filed July 8, 2011, the State Defendants denied any liability to Plaintiff; and

WHEREAS, the State Defendants continue to expressly deny any wrongful conduct or liability, or violation of any federal, state or local statute, ordinance or law, in this matter; and

~1~

WHEREAS, Plaintiff and the State Defendants desire to fully resolve the Action and any and all other disputes, whether known or unknown, between them without further litigation and without admission of fault or liability; and

NOW, THEREFORE, in consideration of the mutual promises, covenants, representations and other consideration contained in this Agreement, Plaintiff and the State Defendants hereby stipulate and agree as follows:

1. **Dismissal of the Action with Prejudice.** The Action is hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a) and without payments, attorney's fees, costs, disbursements or expenses in excess of the amounts specified in paragraph 2 of this Agreement.

2. **Payment to Plaintiff.** For and in consideration of Plaintiff's foregoing agreement and dismissal of the Action against the State Defendants with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the State of New York shall cause the following sum to be paid in full and complete satisfaction of all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against the State Defendants arising out of conduct, acts or omissions prior to and as of the date of this Agreement including but not limited to those asserted in the Action: a single payment of Fifteen Thousand ($15,000) Dollars (the "Settlement Amount"), for which an I.R.S. Form 1099 shall be issued. The payment shall be made by a check made payable to the order of Plaintiff's counsel Ralph G. Reiser.

3. **State Approval of Payments.** The payment referenced in paragraph 2 of this Agreement is subject to the approval of all appropriate state officials in accordance with N.Y. Pub. Off. Law § 17.

4. **Accrual of Interest.** In the event that the payment referenced in paragraph 2 of this Agreement has not been made by the one hundred twentieth day after receipt by Assistant Attorney General Andrew Meier, counsel for State Defendants, of a "So Ordered" copy of this Agreement, endorsed by a judge and entered into the record, interest on any of the sums not paid by the one hundred twentieth day shall begin to run on the one hundred twentieth first day at the statutory rate pursuant to 28 U.S.C. § 1961.

5. **Indemnification for Tax Liability.** In the event that any taxing authority or any other federal, state or local government, administrative agency or court issues a final determination that the State Defendants or the State of New York or its agencies or subsidiaries are liable for the failure of Plaintiff and/or his attorney to pay federal, state or local income or other taxes or withholdings with respect to any portion of the payment referred to in paragraph 2, or are liable for interest or penalties related thereto, Plaintiff agrees to reimburse and indemnify the State Defendants and/or the State of New York, its agencies and subsidiaries, for such liability in excess of the amount of any taxes withheld with respect to any portion of the payment referred to in paragraph 2, so long as said persons have been provided with notice of any such claim or proceeding against the State Defendants promptly following receipt of notice of such claim or proceeding by the State Defendants. Notice by U.S. mail to Ralph G. Reiser, Esq., 3 Walnut Drive, PO Box 171, Syosset, New York 11791, shall constitute sufficient notice under this paragraph 5.

6. **General Release in Favor of the State Defendants and the State of New York.** For and in consideration of the payment referenced in paragraph 2 of this Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Agreement, Plaintiff, on behalf of himself, his heirs,

executors, administrators, successors and assigns (collectively "the Releasing Party"), hereby releases and forever discharges the State of New York, its agencies and/or subsidiaries, including all of its present and former principals, officers, directors, members, trustees, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators and assigns, including but not limited to the State Defendants (collectively "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Party ever had, now has, or shall or may have in the future against some, any or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter or thing whatsoever from the beginning of the world up to and including the date of this Agreement, including but not limited to: (a) any and all claims regarding or arising out of the acts, transactions, occurrences or omissions which are described, alleged or contained in the pleadings in the Action; (b) any and all claims regarding or arising directly or indirectly from either Plaintiff's arrests in December, 2005 and November, 2009 and all subsequent court proceedings and incarcerations resulting therefrom; (c) any and all claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances, or orders, including but not limited to claims under 29 U.S.C. §§ 791, *et seq.*; 42 U.S.C. § 1981; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 12101, *et seq.*, and any other federal or New York state law; the United States Constitution; and the New York State Constitution; (d) any and all claims for compensatory injury including but not limited to lost income or financial injury; and (e) any and all other claims, whether for moneys owed, damages (including but not limited to claims for equitable relief, compensatory, punitive or other damages), breach of implied or express contract, breach of

promise, misrepresentation, negligence, fraud, estoppel, defamation, infliction of emotional distress, tortious interference with contract, tortious interference with business relations, tortious interference with prospective contractual relations, tortious interference with prospective business relations, violation of public policy, wrongful or constructive discharge, or any other tort, civil rights claim or any claim for costs, fees, or other expenses, including attorney's fees, or any other claims under federal, state, or local law. This release also includes a waiver and release of any claims related to allegations made against the State of New York, its agencies, officers, departments and officials, including but not limited to the State Defendants, in any forum, administrative or otherwise, related to or arising from any the transactions, acts, omissions or occurrences from the beginning of the world up to and including the date of this Agreement.

7. **No Other Action Commenced.** Other than the Action, referred to and described above, Plaintiff represents that he has not commenced, maintained or prosecuted any action, charge, complaint or proceeding of any kind against the State of New York or any of its divisions, employees and/or agents, or against any of the State Defendants, on his own behalf that currently is pending in any court, or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for the State Defendants to enter into this Agreement.

8. **No Prevailing Party.** Neither Plaintiff nor the State Defendants shall be deemed a "prevailing party" for any purpose, including but not limited to any statutory or contractual claim based upon "prevailing party" status, with respect to the Action.

9. **Successors and Assigns.** The terms and conditions of this Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

10. **Authority.** Each signatory to this Agreement hereby represents and warrants that

he, she or it has the requisite authority to enter into this Agreement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Agreement.

11. **Voluntary Agreement.** Each of the parties hereto executes and delivers this Agreement voluntarily after being fully informed of its terms, contents and effect, and acknowledges that she, he or it understands its terms, contents and effect. Each of the parties hereto acknowledges that she, he or it is aware, and is advised, of her, his or its right to seek the advice of an attorney before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

12. **No Admission of Liability.** It is understood and agreed that any actions taken or payments made pursuant to this Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Agreement and the actions taken pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this dispute or as constituting any admission of wrongdoing or liability on the part of the State Defendants or the State of New York; and that the State Defendants expressly deny any wrongdoing or liability. Nothing contained in this Agreement shall be deemed to constitute a policy or practice of the State Defendants or the State of New York.

13. **No Precedential Value.** This Agreement shall not in any manner be construed as determinative of the issues raised in the Action or any other proceeding and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Agreement shall not bind or collaterally estop the State Defendants or the State of New York in pending or future actions or proceedings, in which the same or similar issues are raised, from

defending any and all issues raised in said actions or proceedings, or from advancing any defenses.

14. **Entire Agreement.** This Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto with respect to the subject matter of this Agreement, and may not be clarified, modified, changed or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

15. **Governing Law.** The terms of this Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law applies to Plaintiff's release and waiver of federal claims pursuant to paragraph 6 of this Agreement.

16. **Severability.** If any provision of this Agreement shall be held by a court of competent jurisdiction to be invalid, void or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

17. **Headings.** The headings contained in this Agreement are for convenience of reference only and are not a material part of this Agreement.

18. **Counterpart.** This Agreement may be executed in counterpart.

Dated: New York, New York
February 6, 2012

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for the State Defendants

*/s/ Andrew Meier/*

Andrew Meier, Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8305

Dated: Syosset, New York
February 7, 2012

RALPH G. REISER, ESQ.
Attorney for Plaintiff

*/s/ Ralph G. Reiser/*

Ralph G. Reiser
3 Walnut Drive
P O Box 171
Syosset, NY 11791
(516) 496-9745

Dated: Flushing, New York
February 7, 2012

X */s/ John Rohn/*

John Rohn
Plaintiff

IT IS SO ORDERED:

Dated: Brooklyn, New York
_____, 2012

ENTER:

HONORABLE FREDERIC BLOCK
Senior Judge - United States District Court
Eastern District of New York

-8-